UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION As Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-18N,<br><br>Plaintiff,<br><br>v.<br><br>DARYL C. CHANG, SR. and CHERI D. CHANG,<br>Defendants. | Case No. 2:19-cv-00094-TLN-DB<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendants Daryl C. Chang, Sr. and Cheri D. Chang's ("Defendants") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1 & 2.) For the reasons set forth below, Defendants' Motion to Proceed in Forma Pauperis is DENIED as moot, and the Court hereby REMANDS the action to the Superior Court of California, County of San Joaquin, due to lack of subject-matter jurisdiction.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 14, 2018, Plaintiff U.S. Bank National Association ("Plaintiff") brought an action against Defendants for possession of the real property known as 3938 Zeally Lane, Stockton, California ("the Property"). (ECF No. 1 at 23.) The Complaint alleges that Plaintiff is the true and lawful owner of the Property pursuant to a successful bid at a Trustee's sale. (ECF

No. 1 at 23.) Plaintiff asserts that Defendants were served a "Notice to Quit," but continue to occupy the property. (ECF No. 1 at 24.)

On January 14, 2019, Defendants filed a Notice of Removal removing this unlawful detainer action from the San Joaquin County Superior Court. (ECF No. 1.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. ANALYSIS

Defendants state in the notice of removal that jurisdiction is proper under 28 U.S.C. §§ 1332 and 1331. (ECF No. 1 at 2.) Defendants do not explain the basis for diversity jurisdiction. Furthermore, Defendants invoke federal question, 28 U.S.C. § 1331, as the means upon which original jurisdiction exists, based on 12 U.S.C. § 3708 and 24 C.F.R 220.814. (ECF No. 1 at 2.) After reviewing the Notice of Removal, the Court concludes that Defendants do not present a

viable argument to support federal jurisdiction on either basis.

First, Defendants cannot satisfy the requirements for diversity jurisdiction under section 1332. Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States." The burden of proving the amount in controversy depends on what the plaintiff has pleaded on the face of the complaint. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998, 1000 (9th Cir. 2007). When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty. *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009). Defendants do not state the basis for diversity jurisdiction.

Plaintiff alleges damages calculated at $48.96 per day for each day Defendants remained in possession of the Property after the deadline in the Notice to Quit passed. (ECF No. 1 at 24.) Plaintiff served Defendants on September 4, 2018, with a notice to quit and leave the premises within three days. (ECF No. 1 at 24.) There is no plausible way that the damages estimated by Plaintiff would equal $75,000 at this time. Plaintiff further requests "restitution for the Premises," however, the Complaint alleges that the total amount of damages is "less than $10,000." (ECF No. 1 at 23.) Defendants have not proven with legal certainty the damages as of the time of removal would exceed $75,000. For these reasons, Defendants fail to meet their burden of showing that the amount in controversy is met.

As to federal question jurisdiction, Defendants state removal is proper under 12 U.S.C. § 3708 and 24 C.F.R. § 220.814. Plaintiff brought a single cause of action for unlawful detainer. (ECF No. 1 at 23–24.) Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. The instant Complaint relies solely on California state law. The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here. *Caterpillar*, 482 U.S. at 392. The code sections above would at most result in counterclaims

3

Defendants may potentially assert. However, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state court or federal court. See *Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. While Defendants contend in the notice of removal that they may remove this action under the above listed code sections, this assertion relates only to a potential counterclaim, which is not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. See *Vaden*, 556 U.S. at 60–62.

In summary, the state court Complaint indicates that the only cause of action is one for unlawful detainer alleging damages in an amount less than $10,000 arising solely under state law and not under federal law. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. See *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").[1]

### IV. CONCLUSION

Thus, for the reasons stated above, Defendants' motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of San Joaquin.

IT IS SO ORDERED.

Dated: January 16, 2019

_____
Troy L. Nunley
United States District Judge

---

[1] Defendants appear to argue that the Court should consolidate this action with "a pending federal lawsuit filed against Plaintiff[]." (ECF No. 1 at 4.) The same paragraph also erroneously references a hearing scheduled for April 3, 1995. (ECF No. 1 at 4.) The Court is unaware of any pending lawsuit filed by Defendants. Even if the Court were aware of any pending litigation, the Court would not consider a motion to consolidate as the Court does not have original jurisdiction over the instant action. See *Sage v. Tacoma Sch. Dist. No. 10*, No. 3:17-CV-05775-RJB, 2017 WL 6033016, at *2 (W.D. Wash. Dec. 6, 2017) (denying as moot a motion to consolidate where the court did not have original jurisdiction over the case).